# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

Civil Action No. <u>23-CV-00212</u>

|  |  |  |
|---|---|---|
| SHOW PROS ENTERTAINMENT SERVICES OF CHARLOTTE, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **NOTICE OF REMOVAL** |
| PANTHERS STADIUM, LLC, | ) ) | |
| Defendant. | ) ) | |

Pursuant to 28 U.S.C. §§ 1332 and 1441(a), Defendant Panthers Stadium, LLC, hereby removes this action from the General Court of Justice, Superior Court Division in Mecklenburg County, North Carolina, to the United States District Court for the Western District of North Carolina, Charlotte Division.  Removal is proper based upon complete diversity of citizenship among the parties and an amount in controversy that exceeds $75,000.  *See* 28 U.S.C. §§ 1332, 1441, and 1446.  In support of this Notice of Removal, Defendant sets forth the following:

1.     Plaintiff Show Pros Entertainment Services of Charlotte, Inc., filed its Complaint on March 9, 2023, in the General Court of Justice, Superior Court Division in Mecklenburg County, North Carolina, captioned *Show Pros Entertainment Services of Charlotte, Inc. v. Panthers Stadium, LLC*, Case No. 23-CVS-4537 (the "State Court Action").  A true copy of the Complaint, Civil Summons, and is attached hereto as <u>Exhibit 1</u>.

2.     Defendant first received a copy of the Complaint and Summons on or about March 14, 2023.

3.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) in that it has been filed by Defendant within thirty (30) days after Defendant received a copy of the Complaint.

## **GROUNDS FOR REMOVAL**

4.      This is a civil action over which this Court has diversity jurisdiction under the provisions of 28 USC § 1332(a) because there is complete diversity among the parties, and the amount in controversy exceeds $75,000.

5.      As a corporation, a party is deemed a citizen of the state in which it has been incorporated and the state of its principal place of business.  28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).   According to the Complaint, Plaintiff is a corporation incorporated in North Carolina, with its principal place of business in Charlotte, North Carolina. (Ex. 1, Compl. ¶ 1).  Plaintiff is therefore a citizen of North Carolina for diversity purposes.

6.      For a limited liability company, a party's citizenship for diversity purposes is "determined by the citizenship of all of its members."  *See Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citation omitted).  Defendant has no members who are citizens of North Carolina.  Defendant is a citizen of New Jersey for diversity purposes.

7.      Therefore, because Plaintiff is a citizen of North Carolina and Defendant is not, complete diversity exists between the parties.

8.      The amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied. Plaintiff's Complaint contends that it has been damaged "in an amount that exceeds $25,000" apparently based on State practice. (Ex. 1, Compl. ¶ 63.)  However, "[w]here "State practice" prohibits demand for a specific sum, the defendant may assert the amount in controversy in the

2

notice of removal." *Matt v. Fifth Third Bank, Inc.*, No. 5:18-CV-101-BR, 2018 WL 3846310, at *2 (E.D.N.C. Aug. 13, 2018) (citing 28 U.S.C. § 1446(c)(2)).

9.      Plaintiff claims breach of a contract allegedly terminated three years early and requests all damages proximately flowing from the alleged breach.  (Ex. 1, Compl. ¶ 63, Prayer for Relief ¶ 2.).  Plaintiff was paid at least several hundred thousand dollars by Defendant between July 2019 and June 2020 alone, and Plaintiff's complaint alleges that it is entitled to damages for the remainder of the purported contractual term spanning 2020 through 2023. Based on these amounts, the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.     Therefore, this Court has diversity subject matter jurisdiction over the present action under 28 U.S.C. § 1332(a) because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11.     Finally, the forum defendant rule does not apply in the instant case as no defendant is a North Carolina citizen.  For purposes of the forum defendant rule, federal courts analyze a limited liability company's membership under the diversity jurisdiction framework. *See Jones v. Skyview Mgmt., LLC*, 2017 WL 2960790, at *3 (E.D. Pa. July 11, 2017).  Because Defendant has no members who are North Carolina citizens, this Court is therefore the proper forum to adjudicate the parties' claims.

## VENUE AND OTHER REQUIREMENTS

12.     Pursuant to 28 U.S.C. §§ 113(c), 1332, 1441(a), and 1446(a), this Court is the appropriate court for removal because its judicial district embraces Mecklenburg County, North Carolina, where the State Court Action was originally filed and was pending before Defendant filed this Notice of Removal.

3

13.     Defendant respectfully requests that this Court assume jurisdiction over this matter and issue such orders and processes as may be necessary to bring before it all the parties necessary for the trial hereof.

14.     Pursuant to 28 U.S.C. § 1446(d), counsel for Defendant will file a notice of filing of this Notice of Removal (<u>Exhibit 2</u>) and will attach a true and correct copy of this Notice of Removal with the Clerk of the General Court of Justice, Superior Court Division in Mecklenburg County, North Carolina, and will give notice of same to Plaintiff.

15.     Defendant submits this Notice of Removal without conceding Plaintiff has pleaded any valid claims upon which relief can be granted, without waiving any procedural or substantive rights or defenses, and without admitting Plaintiff is entitled to any relief whatsoever.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

4

WHEREFORE, pursuant to 28 U.S.C. §§ 113(c), 1332, 1441(a), and 1446(a), Defendant files this Notice of Removal. This action is properly removed from the General Court of Justice, Superior Court Division in Mecklenburg County, North Carolina, to the United States District Court for the Western District of North Carolina, for all further proceedings.

This the 13th day of April, 2023.

Respectfully Submitted,

_/s/ Scott M. Tyler_____
Scott M. Tyler
N.C. Bar. No: 23300
Joseph M. Piligian
N.C. State Bar No. 57533
Moore & Van Allen, PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone: 704-331-1000
Facsimile:  (704) 331-1159
scotttyler@mvalaw.com
joepiligian@mvalaw.com

*Attorneys for Defendant*
*Panthers Stadium, LLC*

## CERTIFICATE OF SERVICE

I do hereby certify that, on this day, the foregoing **NOTICE OF REMOVAL** was e-filed with the Clerk of Court using the CM/ECF system. It is further certified that, on this day, the foregoing **NOTICE OF REMOVAL** was sent via U.S. mail, postage prepaid, and addressed to the following counsel for Plaintiff:

Sara R. Lincoln
R. Jeremy Sugg
Lincoln Derr PLLC
4350 Congress Street, Suite 575
Charlotte, North Carolina 28209

Respectfully submitted, this the 13th day of April, 2023.

_/s/ Scott M .Tyler_____
Scott M. Tyler