# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Case No. 3:23-cv-00212-MOC-SCR

| | |
|---|---|
| **SHOW PROS ENTERTAINMENT SERVICES OF CHARLOTTE, INC.,** | ) )  ) |
| **Plaintiff,** | ) ) |
| v. | ) ) |
| **PANTHERS STADIUM, LLC,** | ) ) |
| **Defendant.** | ) ) ) |

## CONSENT PROTECTIVE ORDER

**THIS MATTER** is before the Court pursuant to the parties' Joint Motion for Consent Protective Order. The Court finds that there is good cause for the entry of a protective order in the following form to facilitate discovery and provide protection for trade secrets, other confidential research, development, and commercial information, and certain nonpublic personal information and protected health information belonging to the parties to this action or other persons who may be required to produce information in connection with this action:

1. **Confidential Information.** Any party to this litigation and any non-party shall have the right to designate as "Confidential" and subject to this Protective Order any information, document, or thing, or portion of any document or thing: (a) that contains competitively sensitive technical, marketing, financial, sales, or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from non-parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure. The designation

"Confidential" shall not include information or documents which are of public record or are published or otherwise publicly accessible. Any party to this litigation or any non-party covered by this Protective Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" (hereinafter "Confidential").

2. **Attorneys' Eyes Only Information.** Any party to this litigation and any non-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Protective Order any information, document, or thing, or portion of any document or thing, that contains extremely sensitive competitive business information, personal information, or trade secrets, the disclosure of which is reasonably believed to be highly likely to cause significant harm to an individual or to the business or competitive position of the designating party or non-party. The designation "Attorneys Eyes Only" shall not include information or documents which are of public record or are published or otherwise publicly accessible. Any party to this litigation or any non-party who is covered by this Protective Order who produces or discloses any Attorneys' Eyes Only material, including, without limitation, any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" (hereinafter "Attorneys' Eyes Only" or "AEO").

3. **Confidential-Source Code Information.** Any party to this litigation and any non-party shall have the right to designate as "Confidential–Source Code" and subject to this Protective Order any extremely sensitive computer source code, the disclosure of which is reasonably believed to be highly likely to create a substantial risk of serious harm to an individual or to the business or competitive position of the designating party. The designation "Confidential–Source

Code" shall not include information or documents which are of public record or are published or otherwise publicly accessible. Any party to this litigation or any non-party who is covered by this Protective Order who produces or discloses any Confidential–Source Code material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL–SOURCE CODE" (hereinafter "Confidential – Source Code").

4. **Use of Designated Information.** All Confidential, Confidential–Source Code, or Attorneys' Eyes Only material (collectively hereinafter "Designated Material") shall be used by the receiving party or non-party solely for purposes of the prosecution or defense of the above-captioned action, shall not be used by the receiving party or non-party for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the receiving party or non-party to anyone other than those persons described in Paragraphs 5, 6 and 7, as may be applicable depending on the designation, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above- captioned action based on his or her evaluation of Attorneys' Eyes Only materials or Confidential-Source Code materials, provided that such advice and opinions shall not reveal the content of such confidential materials except by prior written agreement of counsel for the parties, or by Order of the Court.

5. **Permitted Disclosures - Confidential.** Material produced and marked as Confidential and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

a. Outside counsel (herein defined as any attorney at the parties' outside law firms of record in this lawsuit);

b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as **Exhibit A**;

c. Secretarial, paralegal, clerical, duplicating, and data processing personnel of the persons described in paragraphs 5.a. and 5.b.;

d. The Court and court personnel;

e. Any deponent may be shown or examined on any information, document, or thing designated under this Protective Order if: (i) it appears that the witness: was involved in the subject matter described therein; is employed by the party who produced the information, document, or thing; or if the producing party consents to such disclosure; and (ii) provided they have signed a non-disclosure agreement in the form attached here to as **Exhibit A**;

f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audio visual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided they have signed a non-disclosure agreement in the form attached hereto as **Exhibit A**;

g. The author or pre-suit recipient of a document if the fact of such authorship or pre-suit receipt is apparent on the face of the document; and

  h. The parties. In the case of parties that are corporations or other organized business entities, "party" shall mean any executives who are required to participate in decisions with reference to this lawsuit and any current or former employees involved in the events at issue in any of the claims or counterclaims in this lawsuit, and relevant in-house counsel for the parties.

  6. **Permitted Disclosures – AEO.** Material produced and marked as Attorneys' Eyes Only and the contents of Attorneys' Eyes Only material may be disclosed only to the individuals described in Paragraph 5(a)-(g), or to such other persons as counsel for the producing party or non-party agrees in advance or as ordered by the Court, provided however that in addition to the requirements stated in Paragraph 5, the following additional requirements shall apply: At least five (5) business days prior to disclosing AEO or Confidential-Source Code material to any individual(s) described in Paragraph 5(b) or (e), the disclosing party shall provide written notice to the producing party, including the name and title of the individual(s) to whom such materials are to be disclosed. If the producing party objects in writing to such disclosure prior to expiration of this five-day period, the material shall not be disclosed absent an agreement by the parties or order by the Court.

  7. **Permitted Disclosures – Confidential-Source Code.** Material produced and marked as Confidential–Source Code and the contents of Confidential-Source Code material may be disclosed only to the individuals described in Paragraph 5(a)-(g) or to such other persons as counsel for the producing party or non-party agrees in advance or as ordered by the Court, provided however that in addition to the requirements stated in Paragraphs 5 and 6, the following additional requirements shall apply: A party or non-party to whom Confidential–Source Code materials are disclosed shall maintain a record of any individual who has inspected any portion of the source

code in electronic or paper form. That party or non-party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. That party or non-party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. That party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the designating party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

8. **Deposition Testimony.** With respect to any depositions that involve a disclosure of material designated as Confidential, Confidential-Source Code, or Attorneys' Eyes Only, the party making the designation shall have until twenty-one (21) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, Confidential-Source Code, or Attorneys' Eyes Only, as the case may be, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 5(a)-(g) above during these twenty-one (21) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 5(a)-(g) above during said twenty-one (21) days. Upon being informed that certain portions of a deposition are to be designated as confidential, all parties shall immediately cause each copy of the transcript in their custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 5 through 7 of this Protective Order. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition,

without further order of the Court (This Protective Order does not require a person to designate deposition exhibits that were wholly or partly designated as Designated Material prior to the deposition as such again within twenty-one (21) days of the preparation of the deposition transcript for such exhibits to remain designated as Designated Material.)

9. **Challenges to Designations.** Parties shall not be obliged to challenge the propriety of a designation of information as Designated Material at the time the designation is made and a failure to do so at that time will not preclude a later challenge to the designation. If counsel for a party receiving documents or information designated as Confidential, Confidential-Source Code, or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

    a. Counsel for the objecting party shall serve on the designating party or non-party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the particularized grounds for objection to the applicable designation. Counsel for the designating party or non-party shall respond in writing to such objection within fourteen (14) days and shall state with particularity the grounds for asserting that the document or information is Confidential, Confidential-Source Code, or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void and withdrawn. If the designating party or non-party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith within fourteen (14) days of the designating party or non-party's response in an effort to resolve the dispute.

    b. If a dispute as to a Confidential, Confidential-Source Code, or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by

agreement, the party challenging the designation shall present the dispute to the Court. The document or information that is the subject of the filing shall be treated as originally designated pending final resolution of the designation dispute.

10. **Filing of Designated Materials.**

    a. If any person wishes to file one or more documents or portions of documents under seal, then that person shall file a motion to file the documents under seal pursuant to Local Rule 6.1.

    b. (1) If any person (a "*Filer*") seeks to file one or more documents or portions of documents that have been designated as Designated Material, then the Filer shall first confer with the person who made the designation (or if the person is represented by counsel, the person's counsel) about how the Designated Material should be filed.

        (2) If the person who made the designation desires that the Designated Material be filed under seal, then the Filer shall file a motion to file the Designated Material under seal and shall file the Designated Material provisionally under seal.

        (3) Any person who wishes that the Designated Material remain under seal may file a supplemental brief.

11. **Use of Designated Materials at Trial.** If the need arises during trial or at any hearing before the Court for any party or non-party to disclose Confidential, Confidential-Source Code, or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

12. **Inadvertent Production.** If any party inadvertently produces or discloses information without first designating the information under this Protective Order, the inadvertent production shall not operate as a waiver of the party's ability to assert later that the inadvertently produced information is in fact protected and should thereafter be treated as such, subject to the provisions of paragraph 9 of this Protective Order.

13. **Unauthorized Disclosure of Designated Material.** If a person who receives Designated Material learns that, by inadvertence or otherwise, he, she, or it has disclosed that information in any circumstance not authorized by this Protective Order, he, she, or it must immediately (a) provide written notice to the person who produced the information of the unauthorized disclosure, (b) use his, her, or its best efforts to retrieve all unauthorized copies of the Designated Material, (c) provide written notice to the person or persons to whom the unauthorized disclosures were made of all of the terms of this Protective Order, and (d) request in writing that such person or persons execute the undertaking attached to this Protective Order as Exhibit A.

14. **Protection for Non-Parties.** Any non-party to this action from whom discovery is sought may avail him-, her-, or itself of this Protective Order's protections in the same manner as a party to this action. Any party to this action who serves a subpoena for documents to a non-party shall provide a copy of this Protective Order with the subpoena.

15. **Discoverability of Information.** Nothing in this Protective Order shall prevent any party from discovering information, including Designated Material, in this lawsuit.

16. **Admissibility, Relevance, etc.** Nothing in this Protective Order shall be construed as an agreement or admission by a person who has not designated certain information as Designated Material that the information so designated by someone else is, in fact, confidential.

Nor shall anything in this Protective Order or the designation of information by anyone as Designated Material be construed as an agreement or admission as to the competency, relevance, admissibility, or materiality of anything designated as Designated Material.

17. **Modification Permitted.** Nothing in this Protective Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that the party believes is otherwise improper. In particular, nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection for any testimony, information, document, or thing as the party may consider appropriate in the circumstances.

18. **Final Disposition.** Pursuant to Section F of the Court's Pretrial Order and Case Management Plan (ECF 15), the ultimate disposition of Designated Materials shall be subject to a final order of the Court upon completion of litigation.

**SO ORDERED**.

Signed: November 20, 2023

_____
Susan C. Rodriguez
United States Magistrate Judge

WE SO MOVE and agree to abide by this Order, this the 16TH day of November, 2023:

**Attorneys for Plaintiff**

/s/ R. Jeremy Sugg
Sara R. Lincoln (N.C. Bar No. 22744)
R. Jeremy Sugg (N.C. Bar No. 40351)
Lincoln Derr PLLC
4350 Congress Street, Suite 575
Charlotte, North Carolina 28209
sara.lincoln@lincolnderr.com
jeremy.sugg@lincolnderr.com

**Attorneys for Defendant**

/s/ Joseph M. Piligian
Scott M. Tyler (N.C. Bar No. 23300)
Joseph M. Piligian (N.C. Bar No. 57533)
MOORE & VAN ALLEN PLLC
100 N. Tryon Street, Suite 4700
Charlotte, NC  28202-4003
Telephone:  (704) 331-1000
Facsimile:  (704) 331-1159
scotttyler@mvalaw.com
joepiligian@mvalaw.com

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:23-cv-00212-MOC-SCR

| | |
|---|---|
| SHOW PROS ENTERTAINMENT SERVICES OF CHARLOTTE, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| PANTHERS STADIUM, LLC, | ) ) |
| Defendant. | ) ) |

    I have been provided with a copy of, and have read, the Consent Protective Order entered in the lawsuit identified above and agree to be bound by the Consent Protective Order's terms. I understand that, except as specifically permitted by the Consent Protective Order, disclosure of Confidential, Confidential-Source Code, or Attorneys' Eyes Only information may subject me to sanction by the Court, and I consent to the Court's exercise of personal jurisdiction over me so the Court may enforce the Consent Protective Order's provisions against me, if necessary.

    As soon as practicable, and in any event no later than 30 days after final termination of this lawsuit, I shall return to the attorney from whom I received them, any and all documents in my possession designated Confidential, Confidential-Source Code, or Attorneys' Eyes Only and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to said documents.

_____
Signature

_____
Name [print]

_____
Date

13370044v1

Case 3:23-cv-00212-MOC-SCR    Document 18    Filed 11/20/23    Page 13 of 13